FIRST PARISH IN WEST NEWBURY *vs.* ABRAHAM DOW.

A parish which owns a meeting-house cannot maintain an action in its own name to recover the price of a pew therein, which has been sold by its treasurer, under the statute, for non-payment of taxes.

If the original owner of a pew which is sold for non-payment of taxes assessed thereon, under the statute, bids off the same, and continues in the occupation thereof, he is not thereby estopped from objecting to the illegality of the sale, in an action against him to recover the price.

*It seems*, that a parish which erected or procured a meeting-house for public worship before the passage of *St.* 1845, *c.* 213, has no authority to assess taxes upon the pews for the support of public worship, unless with the consent of all the pew-owners, or unless, at a regular parish meeting called for the purpose, it has decided to avail itself of that statute, by a vote of two thirds of the members present and voting thereon.

CONTRACT to recover the price of two pews in the plaintiffs' meeting-house, sold to the defendant for non-payment of taxes thereon. Upon agreed facts, which sufficiently appear in the opinion, judgment was rendered in the superior court for the defendant, and the plaintiffs appealed to this court.

*J. C. Perkins*, for the plaintiffs.

*S. B. Ives, Jr.* for the defendant.

DEWEY, J. The plaintiffs are not the proper party to institute an action to recover the amount due for a bid at an auction sale of a pew by their treasurer, for non-payment of taxes assessed thereon for the support of public worship. These sales are made under statute authority, and for cash. The sale is of the entire pew, and the whole proceeds of the sale are to be paid to the treasurer, whose duty it is to make the proper distribution of the same. The parish is only entitled to receive the amount of the tax, while the treasurer is to receive the whole, and account with the parish for the amount of the tax, retain to his own use his fees and expenses of sale, and pay over to the owner of the pew the surplus arising from such sale. Gen. Sts. *c.* 30, §§ 32, 33.

2. If the sale was illegal, and for that reason no title would vest in a purchaser of a pew sold, it would be competent for him to refuse payment for that cause, and repudiate wholly his

bid. The fact that the pew was sold for taxes assessed while the defendant was the owner, would not estop him, as the purchaser thereof, from setting up in defence the illegality of the sale. The consideration for the bid was the receipt of the benfits of a treasurer's sale of the pew. If, through illegality in the assessment of the tax, or in the neglect to pursue the requirements of the statute as to the sale, the purchaser derives no benefit from his bid, and repudiates it, he should not be chargeable.

As the defendant did not enter into possession of the pew under a title derived from the tax sale, but occupied it before and after the sale under his own prior title, his subsequent occupation does not estop him from setting up this defence.

The ground for the objection to the legality of the tax upon pews, as we understand it, is, that the consent of all the pew-owners had not been obtained to the assessment, under *St.* 1852, *c.* 319, and the parish, whose meeting-house was erected before the passage of *St.* 1845, *c.* 213, had never formally voted to avail themselves of the benefit of that statute, at a regular parish meeting called for that purpose, as was required by *St.* 1854, *c.* 258, which was in force when these taxes were assessed, but proceeded by a direct vote in the first instance to assess the tax on the pews. It is true this was done under a vote of two thirds of the members of the parish present; but the parish, it would seem, had not placed themselves in the situation to pass such a vote to assess taxes on pews.

*Judgment for the defendant.*